48C03-2009-CT-000148

Madison Circuit Court 3

Filed: 9/10/2020 2:49 PM
Clerk
Madison County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | IN THE SUPERIOR COURT ____ OF | |
| ) SS: | MADISON COUNTY | |
| COUNTY OF MADISON ) | | |

KREG Z. ANDERSON                )
                                                )
       Plaintiff                          )
                                                )
v.                                              )
                                                )
DAKOTA M. FOSTER              )     CAUSE NO. _____
                                                )
and                                            )
                                                )
THE SYGMA NETWORK, INC. )
                                                )
   serve:  United States Corporation Company )
           135 North Pennsylvania Street   )
           Suite 1610                                )
           Indianapolis, IN 46204             )
                                                )
                                                )
       Defendants                    )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Kreg Z. Anderson by and through counsel, and for his Complaint and causes of action against Defendants Dakota M. Foster and The Sygma Network, Inc., hereby states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Kreg Z. Anderson, is, and was at all times relevant herein, a resident of Hancock County, State of Indiana.

2. That Defendant, The Sygma Network, Inc. (hereinafter also referred to as "Sygma"), is and was at all times relevant herein a domestic for-profit corporation engaged in the business of trucking services, is authorized to do business, and is doing business in the State of

Ohio whose registered agent is United States Corporation System Company, with and address of 135 North Pennsylvania Street, Ste. 1610, Indianapolis, Indiana 46204.

3. Defendant Dakota M. Foster, upon information or belief is or at all times relevant was a resident of Wayne County, State of Michigan.

4. The incident giving rise to this action occurred in Madison County, Indiana, and the damages are in excess of the jurisdictional limits of this Court.

5. That on or about the 8th day of November, 2018, Plaintiff Kreg Z. Anderson was operating his vehicle with all due care on a public roadway in Anderson, Madison County, Indiana.

6. That on that date and at the place set forth above, Dakota M. Foster was operating his vehicle in such a negligent manner so as to cause a collision with the Plaintiffs' vehicle, thereby causing Plaintiff to suffer past medical damages, bodily injury, past pain and suffering, future medical damages, future pain and suffering, and property damages.

7. That Defendant Dakota M. Foster was operating his vehicle in such a negligent manner as to cause it to collide with the vehicle containing the Plaintiff, thereby causing Plaintiff to suffer serious bodily injury.

## CLAIMS AGAINST DAKOTA M. FOSTER
## COUNT I: NEGLIGENCE

8. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

9. That as a direct and proximate result of the negligence of Defendant Dakota M. Foster in operating his motor vehicle, Plaintiff was caused to suffer serious bodily injuries, and because of the bodily injuries sustained by Plaintiff, he has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

10. That as a direct result of the negligence of Defendant Dakota M. Foster in operating his motor vehicle, Plaintiff have incurred, and will incur in the future, medical expenses and physician expenses.

11. That as a direct and proximate result of the negligence of Dakota M. Foster in operating his motor vehicle, Plaintiff has been caused to suffer damages in excess of the jurisdictional limits of this Court.

## CLAIMS AGAINST THE SYGMA NETWORK, INC.
## COUNT II: NEGLIGENCE

12. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

13. That on the date and time of the negligent actions of the Defendant, Dakota M. Foster was acting within the course and scope of his employment with Defendant, The Sygma Network, Inc.

14. That on the date and time of the negligent actions of the Defendant, Dakota M. foster, was acting with individual discretion in the operation of the vehicle he was driving.

15. As a direct and proximate result of the negligence of Defendant Dakota M. Foster in operating the vehicle, Plaintiff sustained bodily injury.

16. That Defendant The Sygma Network, Inc. knew, or should have known, through the use of ordinary care when it hired and retained Defendant Dakota M. Foster that Defendant Dakota M. Foster was a negligent and/or careless driver.

17. That Defendant The Sygma Network, Inc. had a duty to ensure that its drivers are properly trained, licensed, and qualified to operate commercial vehicles. The Sygma Network, Inc. failed to properly train and/or supervise Defendant, Dakota M. Foster to safely operate the vehicle he was operating.

18. The Sygma Network, Inc. failed to have basic safety precautions in place to prevent its driver from entering into other lanes safely when making turns.

19. As direct proximate result of the negligence of the Defendant Dakota M. Foster in operating the vehicle in the scope of his employment, the doctrine of *respondeant superior* applies.

### CLAIMS AGAINST THE SYGMA NETWORK, INC.
### COUNT II: RESPONDEAT SUPERIOR

20. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

21. Upon information and belief, on the date set forth above, Defendant Foster was employed by Defendant Sygma, and was operating the vehicle within the course and scope of his employment with said Defendant.

22. That at all times relevant herein Defendant Foster was acting within the course and scope of his employment with Defendant Sygma.

23. As a direct and proximate result of the negligence of Defendant Dakota Foster in operating the vehicle in the course and scope of his employment, the doctrine of *Respondeat Superior* applies and transfers liability to Defendant Sygma.

### COUNT III: NEGLIGENT HIRING AND RETENTION

24. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

25. That Defendant Sygma knew, or should have known, through the use of ordinary care when it hired Defendant Foster that Defendant Foster was a negligent and/or careless driver.

26. That Defendant Sygma, upon the use of ordinary care in determining that Defendant Foster was a negligent and/or careless driver, was negligent in retaining Defendant Foster as

4

an employee and allowing said employee to continue to use its motor vehicle in such a negligent manner so as to cause it collide with the vehicle operated by the Plaintiff, thereby causing Plaintiff to suffer bodily injuries.

27. That as a direct and proximate result of the negligence of Defendant Sygma in hiring and/or retaining Defendant Foster, Plaintiff was caused to suffer serious bodily injury and because of the bodily injuries sustained by Plaintiff, Plaintiff has sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; and has incurred a permanent impairment of her power to labor and earn money.

## COUNT IV: NEGLIGENT SUPERVISION AND TRAINING

28. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

29. That Defendant Sygma had a duty to ensure that its drivers are properly trained, licensed, and qualified to operate commercial vehicles.

30. That Defendant Sygma failed to properly train and/or supervise Defendant Foster to safely operate the vehicle that he was driving on the aforementioned date.

31. That as a direct and proximate result of the negligence of Defendant Sygma in failing to properly train and/or supervise Defendant Foster, Plaintiff was caused to suffer serious bodily injury and because of the bodily injuries sustained by Plaintiff, Plaintiff has sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; and has incurred a permanent impairment of

her power to labor and earn money.

**WHEREFORE**, the Plaintiff Kreg Z. Anderson demand judgment against Defendants The Sygma Network Inc. and Dakota M. Foster as follows:

1. Judgment for compensatory damages in an amount in excess of the amount necessary to invoke the jurisdiction of this court and reasonably calculated to compensate Plaintiff Kreg Z. Anderson for his damages, to include:

    a. Past and future medical expenses;

    b. Past and future physical and mental pain, suffering, anguish and inconvenience;

    c. Lost wages; and

    d. Diminished capacity to labor and earn income.

2. Prejudgment interest;

3. Interest on any amount to which Plaintiff may be adjudicated to be entitled to accrue from the date of the filing of this action until paid;

4. Costs herein expended;

5. Attorneys fees;

6. Punitive damages;

7. Trial by jury; and

8. Any and all other appropriate relief to which Plaintiffs may appear to be justly entitled.

**Respectfully Submitted,**

/s/ Kaitlin Coons Astorino
Kaitlin Coons Astorino #32552-49
1601 Business Center Court

Louisville, KY 40299<br>
Telephone: (502) 458-1000<br>
Facsimile: (502) 454-5512<br>
kaitlin@isaacsandisaacs.com<br>
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff Kreg Z. Anderson and hereby demands a trial by jury on all issues so triable.

/s/ Kaitlin Coons Astorino<br>
Kaitlin Coons Astorino #32552-49